JOHN WILSON, SHERIFF, v. ROSS GAMBLE.

FILED JANUARY 19, 1897.  No. 6876.

1. Fraudulent Conveyances: CONSIDERATION: EVIDENCE: INSTRUCTIONS. In a proceeding to avoid a sale of personal property as having been made in fraud of the rights of creditors of a firm, the circumstances that a part of the consideration for such sale was the cancellation of a debt by one partner, incurred before the partnership was entered into, and secured by an unrecorded chattel mortgage on the said property before the firm became its owner, was not one which would have justified an instruction that the sale was void, but was proper to be submitted as evidence bearing upon the good faith of such sale.

2. Instructions: WEIGHT OF EVIDENCE. An instruction by which the jury was sought to be directed what weight must be attached to certain facts developed by the proofs was, on that account, erroneous, and, therefore, properly refused.

ERROR from the district court of Buffalo county.  Tried below before HOLCOMB, J.  *Affirmed.*

*Lamb, Adams & Scott*, for plaintiff in error.

*H. M. Sinclair, E. C. Calkins*, and *H. V. Calkins, contra.*

RYAN, C.

On the 18th day of February, 1890, George Ellis and J. S. Caldwell became partners under the firm name and style of "The Ellis & Caldwell Plumbing & Heating Company."  Previous to the date just named George Ellis had individually carried on the business indicated by the above partnership name, and, on March 5, 1888, had mortgaged all his stock and tools to Ross Gamble to se-

cure three promissory notes each for the sum of $558.84. This mortgage was never recorded. On the 4th of December, 1890, Jacob S. Caldwell and George Ellis, by a bill of sale, transferred their entire partnership property and immediately gave possession thereof to the grantee, Ross Gamble. The consideration named was $4,000. On the 8th day of December, 1891, John Wilson, the sheriff of Kearney county, levied on said property two executions which had been issued on judgments rendered against said partnership firm. Ross Gamble, as the owner entitled to recover possession from the sheriff, immediately replevied the property, and upon a trial had in the district court of Kearney county there was a verdict and a judgment in his favor. The plaintiff in error insists that the transfer to Gamble was fraudulent as against the creditors of The Ellis & Caldwell Plumbing & Heating Company, and accordingly reviews the proofs to establish this proposition. The verdict of the jury is found, upon examination of the proofs, to be sufficiently supported in that respect, and the errors, if any there are, must be found in other directions.

It is first urged that when a firm is insolvent the partnership property will be applied to the payment of the partnership debts and that a creditor of an individual partner is not entitled to be paid out of such property in preference to partnership creditors. The principle, thus broadly urged, even if conceded to be correctly stated, is not applicable to the facts which the evidence adduced by the defendant in error tended to establish. Mr. Gamble and Mr. Ellis testified that when the partnership agreement was being formulated, Mr. Caldwell was told of the existence of the mortgage made by Mr. Ellis to Mr. Gamble and entered into said partnership in view of that fact. It is true Caldwell testified that Mr. Ellis said he would take care of this mortgage, but there was no proof that this was assented to by Mr. Gamble. When the members of the partnership firm found they could not amicably continue their partnership relations they agreed to

sell their entire stock, tools, and books of account to Ross Gamble, and that the amount secured by the mortgage to him should be reckoned a part of the consideration. Under this agreement the transfer of the title and possession took place as has heretofore been stated, and after deducting certain sums due from the firm, together with the amount secured by the mortgage, the balance was paid in cash and a promissory note of Mr. Gamble due one year from its date, which was December 4, 1890. This note was, therefore, past due when the levies of execution were made on December 8, 1891, and the uncontradicted evidence was of its complete payment in the meantime. Under these circumstances the court very properly, in its instructions to the jury, used the language against which the present criticism of the plaintiff in error is directed, which language is as follows: "If you believe from the evidence that at the time of the alleged sale to the plaintiff  *  *  *  Ellis was indebted to the plaintiff for money to purchase goods before Caldwell entered into partnership with Ellis, and that Caldwell, as one of the members of the firm, agreed and consented that such indebtedness should be satisfied, and as a part consideration of the purchase price by such sale, and the sale was in all other respects made in good faith for a valuable consideration and without intent to defraud, delay, or hinder the creditors of Ellis and Caldwell, then such sale would be valid and plaintiff would be entitled to recover." In view of the propositions already stated, it is scarcely necessary to say that there was no error in receiving in evidence the chattel mortgage above referred to, and this disposes of all the assignments argued except one, which we shall now consider.

It is urged that there was error in refusing to instruct the jury that as to the matters above discussed the length of time which elapsed after the alleged sale before the executions were levied had no effect and should be given no weight by the jury. This would have been to direct that no importance could be attached to the cir-

·cumstance which, from the detailed statement of facts hereinbefore given, might have been quite important in its bearing. This instruction was, therefore, properly refused. The judgment of the district court is

AFFIRMED.